UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN EQUITY MORTGAGE, INC., ) | |
| ) | |
| Plaintiff/Counter Defendant, ) | |
| ) | |
| v. ) | Case No. 4:05CV1529 RWS |
| ) | |
| RAY VINSON, JR., ) | |
| ) | |
| Defendant/Counter Claimant. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Plaintiff's motion for a hearing on its motion for preliminary injunction [#19] and on the issue of whether I should abstain from exercising jurisdiction over Plaintiff's Lanham Act claims pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).[1] For the reasons stated below, I find that Colorado River abstention is not appropriate on this issue. I will exercise jurisdiction over this issue, and I will conduct a hearing on Plaintiff's motion for a preliminary injunction.

**I.    BACKGROUND**

Plaintiff American Equity Mortgage, Inc., ("AEM") filed its Complaint on September 21, 2005 alleging false association and trademark infringement in violation of 15 U.S.C. §§ 1124, 1125, against Defendant Ray Vinson, Jr. On October 6, 2005, AEM moved the Court for a preliminary injunction enjoining Vinson from using AEM's registered service mark or from passing himself off as AEM's chief or being otherwise associated with AEM.

---

[1] Ray Vinson has also filed a motion for preliminary injunction related to his counterclaim. Plaintiff has moved to dismiss the counterclaim, and Plaintiff argues alternatively that I should abstain from hearing the counterclaim because duplicate litigation is being pursued in state court. I will decide the motion to dismiss before I decide whether to abstain from exercising jurisdiction over the counterclaim.

On October 13, 2005, Vinson filed a Counterclaim and Third Party Complaint alleging himself to be a shareholder of AEM and capable of maintaining a shareholder derivative action against AEM's President and Board Member, Deanna Daughhetee Vinson ("Daughhetee"). On October 31, 2005, Vinson moved the Court for an injunction "removing [Daughhetee] from her unlawful control and domination of AEM and ordering AEM to recognize Ray Vinson's position as its sole shareholder, director, and officer."

Vinson and Daughhetee are currently in divorce proceedings before the Family Court of St. Louis County.[2] The divorce proceedings began sometime in 2004. One issue before the family court is ownership of AEM. The family court is scheduled to try the case on February 13, 2006. At the trial, the issue of ownership interest(s) in AEM will be adjudicated.

I held status conference in this case on November 4, 2005. At the conference, I inquired of counsel whether I ought to refrain from exercising jurisdiction over any or all of the issues presented in this case pursuant to Colorado River-type abstention because of the state court divorce proceedings. Subsequent to the conference, I ordered the parties to brief the issues of abstention and whether it would be necessary to conduct any discovery prior to holding a preliminary injunction hearing. The parties have timely submitted their briefs.

## II. STANDARD

Federal Courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River, 424 U.S. at 817. However, a district court may abstain from hearing a case where duplicate litigation is being pursued in state court and where "exceptional"

---

[2] In re the Marriage of: Deanna Daughhetee Vinson v. Ray Vinson, Jr., Cause No. 04FC9863 (Div. 16).

circumstances exist. Id. at 818. Under Colorado River and its progeny, the courts look to six factors to decide if "exceptional circumstances" exist:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority-- not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

U.S. Fidelity and Guaranty Co. v. Murphy Oil USA, Inc., 21 F.3d 259, 263 (8th Cir. 1994).

## III. ANALYSIS

In this case, abstention is not appropriate because the state and federal proceedings are not parallel. At issue before the family court is ownership, or allocation of ownership, in AEM. That issue is distinct from the issue of whether AEM may protect its marks under the Lanham Act. The cases involve different issues and different remedies. Moreover, AEM is not a party to the divorce proceedings, and AEM does not have the ability to litigate its Lanham Act claims before the family court.

Even if the suits were parallel, "exceptional circumstances" do not exist. There is no res at issue in this case. The federal courthouse is not an inconvenient forum. There is no threat of piecemeal litigation because the state court in the divorce proceedings does not have jurisdiction over the Lanham Act claims. The state court does not have priority over this issue because it is not being litigated there. Federal law controls this issue. And the family court does not have the ability to protect Plaintiff's rights at issue in this case. As a result, Colorado River-type abstention is not appropriate, and I will set a hearing on Plaintiff's motion for a preliminary injunction.

After reviewing the record, I find that it will not be necessary for the parties to conduct discovery prior to holding a hearing on Plaintiff's motion for preliminary injunction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for a hearing on its motion for a preliminary injunction [#19] is **GRANTED**.

**IT IS FURTHER ORDERED** that a hearing on Plaintiff's motion for preliminary injunction [#7] will be held on **November 21, 2005, at 9:00 a.m.** in Courtroom 10 South.

**IT IS FURTHER ORDERED** that the parties shall submit to the Court and opposing counsel a brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems **no later than November 18, 2005 at 4:00 p.m via the Court's electronic filing system**.

Dated this 16th Day of November, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE