UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN EQUITY MORTGAGE, INC., | ) ) ) |
| Plaintiff/Counter Defendant, | ) ) |
| v. | ) ) Case No. 4:05CV1529 RWS |
| RAY VINSON, JR., | ) ) ) |
| Defendant/Counter Claimant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Plaintiff's Motion for Protective Order to Redact Hearing Transcripts [#65].[1] Plaintiff has filed a motion to redact portions of the transcripts of the preliminary injunction hearings held on November 21 and 28, 2005. The motion will be denied.

There are two bases for Plaintiff's motion. The first is that the parties complied with this Court's policy on redaction of transcripts. The second is that some of the information contained in the transcripts is subject to a protective order under Fed. R. Civ. P. 26(c)(7). I will address the arguments separately.

---

[1] This motion was originally filed jointly by Plaintiff and Defendant. After receiving the motion, I ordered the parties to submit supplemental briefs. [Doc. # 66]. Rather than filing a supplemental brief, Defendant filed a notice of withdrawal from the motion. [Doc. # 68].

### *Redaction of Personal Data Identifiers*

It is the policy of this Court to make transcripts electronically available to the public. If certain sensitive personal data identifiers are contained in a transcript, however, a party may move for that material to be redacted. These personal data identifiers are Social Security numbers, financial account numbers, dates of birth, names of minor children, and home addresses. Where these sensitive personal data identifiers are contained in a transcript, and where a party makes a timely request for redaction of these identifiers, the court will order the court reporter will redact the identifiers.

The motion to redact does not allege that the transcripts contain any of the personal data identifiers listed above. As a result, there is no basis for redaction of the transcript based on this Court's policy regarding the electronic availability of transcripts of court proceedings.

### ***Protective Orders Under Fed. R. Civ. P. 26(c)(7)***

Plaintiff also contends that some of the information contained in the transcripts is confidential commercial information and should be subject to a protective order under Fed. R. Civ. P. 26(c)(7). Plaintiff misunderstands the purpose of Rule 26(c).

The purpose of Rule 26(c) is to protect parties from disclosing sensitive

information to the opposing party during the discovery process. In this case, the testimony that Plaintiff wishes the Court to redact from the transcripts was given freely in open court and without objection. Rule 26(c) does not provide a means for redacting testimony from a transcript that was given in open court. As a result, Plaintiff has waived any argument that the information at issue is subject to a protective order under Rule 26(c)(7). As a result, Plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Protective Order to Redact Hearing Transcripts [#65] is **DENIED**.

Dated this 28th day of February, 2006.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE