UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN EQUITY MORTGAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV01529 RWS |
| ) | |
| RAY VINSON, JR., and, ) | |
| VINSON MORTGAGE SERVICES, INC. ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff American Equity Mortgage, Inc.'s ("AEM") motion to voluntarily dismiss this case without prejudice [#139]. Defendants Vinson Mortgage Services, Inc. and Ray Vinson Jr. do not oppose this motion if the dismissal is conditioned upon certain conditions. The Defendants have requested that I either dismiss the case *with* prejudice, or that a dismissal without prejudice should be conditioned upon AEM'S reimbursement of Defendants for their costs and fees incurred since the date AEM filed its second motion for preliminary injunction. In the interest of fairness to both parties, I will grant the motion to dismiss on the condition that should AEM refile this case, upon refiling, AEM shall pay the reasonable fees and costs incurred by Defendants in defending this case. If this case is refiled, then the amount of reasonable fees and costs will be determined at a hearing before me. The reasonable fees and costs will include a determination of what discovery was reasonably required and what discovery can be used in any such subsequent litigation without duplicating costs.

## Background

AEM filed this suit in September 2005. AEM followed soon thereafter with its first motion for preliminary injunction. AEM filed a second motion for preliminary injunction in

August 2006, and then filed a First Amended Complaint in October 2006, which added Vinson Mortgage Services as a defendant. I held an evidentiary hearing on AEM's second motion for preliminary injunction on January 18 and 24, 2007. AEM filed a Second Amended Complaint on April 25, 2007. Vinson answered AEM's Second Amended Complaint on May 4, 2007. Substantive discovery has been taken by all parties in this case. Numerous depositions were taken, and the parties have exchanged substantial written discovery. Each side retained an expert witness that completed a trademark survey and drafted written reports in connection with AEM's motions for preliminary injunction.

**Legal Standard**

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part, "(An) action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The purpose of the "terms and conditions" clause is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's voluntary dismissal.

The Eighth Circuit looks to four factors in considering a Rule 41(a)(2) motion: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) whether a motion for summary judgment has been filed by the defendant. Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987) (denying motion for voluntary dismissal).

**Analysis**

Consideration of the Eighth Circuit's Paulucci factors compels imposition of appropriate conditions in order to protect Defendants from unfair prejudice. There is no question that this

litigation is at an advanced stage and that Defendants have expended substantial effort and expense defending itself against AEM'S claims.

Under the Missouri Rules of Civil Procedure, "[i]f a plaintiff who has once dismissed a civil action in any court commences a civil action based upon or including the same claim against the same defendant, the court may make an order for the payment of any unpaid costs of the civil action previously dismissed." While this case is not governed by Missouri law, I am persuaded to impose the same condition on this case for policy reasons. I do not want to prejudice the Defendants who have expended such effort and expense in defending this case, but neither do I want to trap AEM in a suit it does not wish to continue to litigate.

The Eleventh Circuit has held that a district court imposing the condition that the plaintiff, upon refiling, pay the fees and costs incurred by the defendant in defending this case, does not amount to legal prejudice and is intended to protect the defendant from the unfairness of duplicative litigation. Versa Prods. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328 (11th Cir. 2004). The Eighth Circuit has noted that "[i]n granting a motion for voluntary dismissal, district courts typically impose the condition that plaintiff pay the defendant the reasonable attorneys' fees incurred in defending the suit." Belle-Midwest, Inc. v. Missouri Property & Casualty Insurance Guarantee Assoc., 56 F.3d 977, 978-79 (8th Cir. 1995). The condition that AEM pay the fees only upon refiling is less severe than the condition of immediate payment suggested by Defendants and it does not amount to legal prejudice to AEM because AEM'S right to renew the litigation is certain. Versa Prods. v. Home Depot, USA, Inc., 387 F.3d at 1328. However, this condition does protect Defendants from duplicative costs in the event that AEM does refile their claims at a later date.

AEM, of course, is free to reject the terms of my conditional grant of its motion for voluntary dismissal. "Under . . . rule [41(a)(2)], a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits." <u>GAF Corp. v. Transamerica Ins. Co.</u>, 665 F.2d 364, 367-68 (D.C. Cir. 1981). Therefore, although I will grant AEM'S motion to dismiss, I will do so only on the condition that should AEM refile this case, upon refiling, AEM shall pay the fees and costs incurred by Defendants in defending this case.

Accordingly,

**IT IS HEREBY ORDERED** that AEM shall respond to this order, in writing, no later than **July 6, 2007**, and state whether they accept or reject my conditional dismissal.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2007.